COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


MARK ANTHONY JOHNSON

v.      Record No. 2870-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
OCTOBER 14, 2003


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
T. J. Hauler, Judge

Denis C. Englisby (Christian M. Vaughn; Englisby, Englisby &
Vaughn, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Mark Anthony Johnson appeals his conviction of felony escape, Code § 18.2-479.[1]  He

maintains the evidence did not prove he had been charged with a felony when he escaped

custody.  Finding the evidence was insufficient, we reverse and remand.

We view the evidence and the reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth.  Dowden v. Commonwealth, 260 Va. 459, 467, 536

S.E.2d 437, 441 (2000).  Officer Stacey Arehart arrested the defendant for petit larceny.  The

defendant gave false identification to the officer and later to the magistrate.  After appearing

before a magistrate, the officer told the defendant she planned to compare the fingerprints just

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "If any person . . . lawfully in the custody of . . . any law-enforcement officer on a
charge . . . of a felony escapes . . . he shall be guilty of a Class 6 felony."  Code § 18.2-479(B).

taken from him with those already on record for the identity the defendant had given. If the fingerprints did not match, the officer would place felony charges. The defendant then admitted he had given false information and supplied his true identification. Using the correct data, the officer began a criminal history check to see whether the defendant had prior convictions. The defendant escaped before the officer completed the criminal records review or the paperwork necessary to obtain felony warrants. The sole issue is whether the defendant had been charged with a felony before he walked out of the holding cell.

At common law, the person to be arrested is entitled to know of "(1) the intention to take him into the custody of the law, (2) the authority for the arrest, and (3) the reason therefor." Rollin M. Perkins, The Law of Arrest, 25 Iowa L. Rev. 201, 249 (1940). See also W. Page Keeton, Prosser & Keeton on Torts, Arrest Without A Warrant § 26, 154 (5th ed. 1984) (arrestee "must be informed of the charges against him"); Clarence Alexander, 1 The Law of Arrest in Criminal and Other Proceedings § 93, 479 (1949) (officer must state his "purpose *to* arrest, and the purpose *of* the arrest"). An officer's "bare assertion that authority to arrest [for a felony] exists" does not amount to an arrest unless it is acted upon. Prosser & Keeton on Torts, False Imprisonment § 11, at 47.

The defendant was in custody on a misdemeanor charge. The officer suspected the defendant had given a false identity. She told the defendant, "if" his fingerprints did not match, she "would" charge him with felonies. The officer employed words of condition and futurity. The officer did not verbally place felony charges for perjury and falsifying arrest records by that statement.

When the officer placed the defendant in the holding cell, she did not yet know the defendant had prior petit larceny convictions, which would permit her to elevate the current charge to a felony. The officer had not completed the criminal history check, and she could not

have placed a felony charge of petit larceny third or subsequent offense.  The defendant walked off before the officer had completed the paperwork necessary to obtain felony warrants for any of the potential felony charges.  The magistrate had not issued any felony warrants, and the officer could not have executed any formal written charge for a felony.

The defendant was in custody on the original charge of petit larceny.  The officer did not verbally charge him with any felony and did not serve him with any felony warrant.  Before any of that could be done, the defendant escaped.  The defendant was never in custody on a felony charge and can only be guilty of a misdemeanor.  Accordingly, we reverse his conviction of felony escape and remand for sentencing.

Reversed and remanded.